**STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA**
**REPORT OF ACTION TAKEN**
**MEETING OF CREDITORS**

**In re:**

**ALBERTO CRUZ**  Case No. 22-03151-ESL

**JACQUELINE ROSADO AVILA**  Chapter 13  Attorney Name: **ROBERTO PEREZ OBREGON***

### I. Appearances

| | | |
|---|---|---|
| **Debtor** | [X] Present | [ ] Absent |
| **Joint Debtor** | [X] Present | [ ] Absent |
| **Attorney for Debtor** | [X] Present | [ ] Absent |

[ ] Prose

[ ] Appearing:

**Date & Time:** 1/20/2023 1:30:00PM

[X] R  [ ] NR  LV: To be determined.

[X] This is debtor(s) 1 Bankruptcy filing.

**Creditors:**

Office of the U.S. Trustee- by Mr. Edwin Rodríguez and Mr. Christian González
Oriental Bank by Mr. Ramón Sánchez
First Bank by Maricarmen Colon Esq
Department of Treasury by Ms. Minoshka Velez

### II. Oath Administered
[X] Yes  [ ] No

### III. Plan

**Date:** 11/30/2022  **Base:** $164,800.00  Payments 2 made out of 2 due.

**Confirmation Hearing Date:** 1/11/2023 8:30:00AM

**Evidence of Pmt shown:**

**Attorney's fees as per R. 2016(b)**

$4,000.00 - $400.00 = $3,600.00

### IV. Status of Meeting

[X] Closed  [ ] Not Held  [ ] Held/Continued

[ ] Held/Not Closed

[ ] Continued

**Continued Date:**

**Comments:**

[ ] M.T.D. to be filed by Trustee: Debtor(s) failed to: [ ] Appear: [ ] Commence payments

[ ] Keep payments current [ ] does (do) not qualify as a debtor (§109):

[ ] MTD Already filed, see Docket:

[ ] Other:

**STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA**
**REPORT OF ACTION TAKEN**
**MEETING OF CREDITORS**

In re:

**ALBERTO CRUZ**                    Case No.   22-03151-ESL

**JACQUELINE ROSADO AVILA**     Chapter 13     Attorney Name:   **ROBERTO PEREZ OBREGON***

(Cont.)

**Trustee's Report on Confirmation**

[ ] FAVORABLE

[X] UNFAVORABLE

| | |
|---|---|
| [ ] Feasibility<br>[ ] Insufficiently funded<br>[ ] Unfair discrimination<br>[ ] Fails disposable income<br>[ ] Fails liquidation value test<br>[ ] Insuarence quote | [ ] No provision for secured creditor(s)<br><br>[ ] Tax returns missing<br>  [ ] State - years<br><br>[ ] Federal - years |

**Pending/Items/ Documents:**

| | |
|---|---|
| [ ] DSO Recipient's Information<br><br>[ ] Evidence of being current with DSO<br><br>[ ] Evidence of income | [ ] Monthly reports for the months<br><br>[ ] Public Liability Insurance<br>  [ ] Premises<br>  [ ] Vehicle(s):<br>[ ] Licenses issued by: |

In re:

**ALBERTO CRUZ**  Case No. 22-03151-ESL

**JACQUELINE ROSADO AVILA**   Chapter 13   Attorney Name: **ROBERTO PEREZ OBREGON***

**Trustee's objection to confirmation**

[ ] Objection to Confirmation
[ ] Oral objection by creditor

NOTE: At the January 20, 2023 meeting of creditors, Attorney Maricarmen Colon, counsel for unsecured creditor Firstbank Puerto Rico requested from debtors a copy of the sworn statement executed by them on January 19, 2023 and provided to the chapter 13 trustee and to the Office of the U.S. Trustee.

Matters:

1. PLAN DOES NOT PROVIDE FOR SECURED CREDITOR, §1325(a)(5):
 a. Plan does not provide for secured creditor US Small Business Administration proof of claim #7. Debtors are also asked to specify what property belonging to them serve as collateral for the loan. If loan is partially secured, a motion needs to be filed under FRBP 3012 for the determination of the secured amount.

2. ISSUE(S) WITH LIQUIDATION VALUE TEST:, Section 1325(a)(4):
a. Schedule A/B does not disclose Oriental Bank account (6868).
 b. Trustee objects to the $60,000 value given by debtors to their commercial property in Urb. Riverview, Bayamón. Debtors have spent approximately $71,790 (between labor, permits and materials) in improvements that should be considered in the value. Trustee understands a current appraisal to be most appropriate under the circumstances of the case.
c. Even if trustee were to agree with the liquidation value informed by debtors at Part 5.1 of the plan, it does not comply with the best interest of creditors test since only distribute $43,251.51 to non-priority unsecured creditors.
d. Debtors purchased in 2022 2 lots in Cabo Rojo, Puerto Rico. Trustee objects the value given to the lot in Part 1.3 of Schedule A/B of 6,614 square meters as it appears to be under its value, this upon reviewing a comparable provided by debtors of a much smaller lot at same sector.
e. Amend Schedule A/B to disclose debtors' bank account at Firstbank, account ending in 9517
f. Debtors testified they are authorized to sign checks of the "Centro Cristiano Ekklesia, Inc" checking account. This account should be included in the schedules for disclosure purposes.

3. ISSUE(S) WITH EXEMPTIONS, §522:
 a. Pursuant to documents attached to SBA's proof of claim #7 debtors' deposit accounts serve as collateral to the loan, therefore, there is a lien in the amount of $92,453.36. Thus, there is no equity to claim an exemption due to which the exemption pursuant 522(d)(5) in the amount of $12,072.00over all bank accounts should be completely denied.

**STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA**
**REPORT OF ACTION TAKEN**
**MEETING OF CREDITORS**

In re:

**ALBERTO CRUZ**                                          Case No.   22-03151-ESL

**JACQUELINE ROSADO AVILA**        Chapter 13    Attorney Name:   ROBERTO PEREZ OBREGON*

**4. ISSUE(S) WITH DISPOSABLE INCOME TEST:, Section 1325(b)(1)(B):**

a. Joint debtor's income received in the "Coaching" business is not reflected in the means test (specifically Form 122C-1).

b. At the January 20, 2023 meeting of creditors debtors testified that their current source of income is the one received by each at "Centro Cristiano Ekklesia, Inc", currently of $2,000 monthly for each one. They further stated that they do not receive a check from the mentioned entity and the income is not deposited into their accounts. Instead, the manner they receive their pay is that "Centro Cristiano Ekklesia, Inc" provides each one an "ATM" card with which they can pay for their expenses. Since debtors do not deposit their income, they are asked to reveal the source of the following deposits from some of their bank accounts:

   1, $400 deposited on 8-22-2022 in Firstbank account ending in 6628.
   2. $300 deposited on 8-13-2022 in Firstbank account ending in 6628.
   3. $100 deposited on 9-16-2022 in Firstbank account ending in 6628.
   4. $500 deposited on 4-12-2022 in Caribe Federal Account (ending in 7158).
   5. $500 deposited on 4-13-2022 in Caribe Federal Account (ending in 7158).
   6. $300 deposited on 6-1-2022 in Caribe Federal Account (ending in 7157).
   7. $1,864 deposited on 11-28-2022 at BPPR account ending in 1582.
   8. $390 deposited on 4-18-2022 at BPPR account ending in 1582.
   9. $61.89 deposited on 4-18-2022 at BPPR account ending in 1582.
   10. $150 deposited on 4-20-2022 at BPPR account ending in 1582.
   11. $100 deposited on 4-27-2022 at BPPR account ending in 1582.
   12. All deposits made in BPPR account ending in account ending in 7088.

c. Identify whose telephone number ends in "9999". There are several deposits from that telephone number. This information should be provided as well to the Office of the U.S. Trustee.

**5. FEASIBILITY, Section 1325(a)(6):**

a. Debtors testified that they pay their taxes when they become due in April of each year. Schedule J, however, does not disclose any tax expense.

**6. OTHER:**

a. Provide copy of the PPI loan application made by each debtor as to their coaching business. At the meeting of creditors held on January 20, 2023, they testified that each one obtained a loan of PPI. These documents should be provided to the Office of the U.S.Trustee as well.

b. At the Puerto Rico State Department, debtor Alberto Cruz appears as president of "Centro Cristiano Ekklesia, Inc".

STANDING CHAPTER 13 TRUSTEE ALEJANDRO OLIVERAS RIVERA
REPORT OF ACTION TAKEN
MEETING OF CREDITORS

In re:

ALBERTO CRUZ                                    Case No.   22-03151-ESL

JACQUELINE ROSADO AVILA          Chapter 13    Attorney Name:   ROBERTO PEREZ OBREGON*

Debtor testified that about 2 or 3 years after the corporation's existence (registered at the State Department in 2014) he is no longer the president. Debtors are asked to provide evidence of the State Department showing debtor is no longer the president. This is asked since the SOFA does not disclose debtor's work as president of the mentioned entity.

c .Amend the SOFA to disclose former business of debtor by the name of "Alberto Cruz Ministries Corp", which appears active at the PR State Department. Debtor testified at the January 20, 2023 meeting of creditors that such entity was no longer operating much prior to the establishment of "Centro Cristiano Ekklesia, Inc".

d. Amend the SOFA to disclose former business of joint debtor by the name of "Coaching Scholars, Inc.", which appears active at the PR State Department. Joint Debtor testified at the January 20, 2023 meeting of creditors that such entity never operated. and never had a bank account.

e. Joint debtor receives $451 from PAN income, as disclosed in Schedule I. Those benefits were provided to debtors when they were not receiving the $4,000 in income from "Centro Cristiano Ekklesia, Inc". Debtors are asked to notify the Commonwealth of PR Family Department of their current income at Centro Cristiano Ekklesia, Inc., and provide evidence of having provided such notice.

The following party(ies) object(s) confirmation:

s/Miriam Salwen                                          Date:   01/20/2023

Trustee/Presiding Officer                                        (Rev. 05/13)